IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| JIANYI ZHANG | * | |
| Plaintiff | * | |
| v. | * | Case Action No. _____ |
| CIGNA HEALTHCARE, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL FILED BY CIGNA HEALTHCARE, INC.**

Cigna Healthcare, Inc. ("Cigna"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, files this Notice of Removal from the Circuit Court of Arlington County, Virginia, seeking removal of this action under this Court's original federal question jurisdiction and supplemental jurisdiction. The grounds for removal are as follows:

1. On or about September 21, 2022, Plaintiff filed a civil action in the Circuit Court of Arlington County, Virginia, captioned *Jianyi Zhang. v. Cigna Healthcare, Inc.* and assigned Case No. cl-22-003640-00. The Summons and Complaint were served on Cigna's registered agent, CT Corporation, on September 29, 2022.

2. The Complaint alleges that between December 2019 and May 2021, Cigna paid only around "1% of the fair-market rate for service provided by Plaintiff." (Compl. ¶ 1.) According to the Complaint, as a result of Cigna's "negligent behavior, Plaintiff has suffered a tremendous financial loss and mental anguish." (Compl. ¶ 1.)

3. The Complaint further alleges various insurance companies compensated Plaintiff's billing code in the range of $69.09 to $71.01. (Compl. ¶ 7.) Cigna, however, starting

in December 2019, only paid "$0.55 to $0.79 . . . without proper knowledge of Plaintiff." (Compl. ¶ 8.)

4. According to the Complaint, Plaintiff contacted Cigna numerous times about the billing, but received no response. (Compl. ¶ 9.) Plaintiff then withdrew from participation with Cigna in May 2021. (Compl. ¶ 10.)

5. The Complaint further alleges Plaintiff filed a complaint with the Virginia State Corporation Commission and that it took 27 months to get a reply from Cigna. (Compl. ¶ 11.) According to the Complaint, Cigna violated Virginia's Unfair Claim Settlement Practices (Compl. ¶¶ 12-18) and Virginia's Ethics and fairness in carrier practices (Compl. ¶¶ 19-20).

6. Count I of the Complaint purports to state a claim for negligence. (Compl. ¶¶ 21-26.) Attached as exhibit 7 to the Complaint is a list of patient's by initials and by Cigna ID number. (*See* Compl. ex. 7.)

7. The patient claims identified in the Complaint (*see* Compl. ex. 7) relate to reimbursement and billing practices under ERISA and non-ERISA plans. Based on Cigna's investigation of the claims identified, it appears ten (10) of the plans are ERISA plans and three (3) are not. In addition, all of the plans identified in the Complaint are self-funded health plans and Cigna is administering benefits. The claims in the Complaint for the ten (10) self-funded employer sponsored health plans involve benefits determinations and payments made by Cigna as a claims administrator for the respective plans. (*See, e.g.,* Compl. exhibits 2-7.) The vast majority of claims in the complaint, therefore, are based on ERISA plans and ERISA benefit decisions regarding the payment of plan benefits from employer-sponsored welfare benefit plans (the "ERISA Plans"). The claims against Cigna as a third party administrator of the ten-employer sponsored plans relate to ERISA and are, therefore, governed by federal law through the Employee

Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1100, *et seq.*, and § 1132. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

8. According to the Complaint, Cigna, as a third party clams administrator for ten (10) self-funded health plans, remitted to Plaintiff in amounts less than other insurers paid him and at a figure the Complaint alleges was below market. (Compl. ¶ 1.) Cigna, of course, was administering the self-funded health plans in accordance with the respective terms of the self-funded health plans. For this reason, the respective plan terms from the ten (10) self-funded health plans will need to be examined and considered to determine the propriety of any payments made to Plaintiff. Plaintiff's claims, therefore, fall squarely within the scope of ERISA complete preemption. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *see also Milby v. MCMC LLC,* 844 F.3d 605 (6th Cir. 2016).

9. Plaintiff's attempt to hold Cigna liable in tort for the administration and payment of ERISA plan benefits under the ten (10) self-funded ERISA plans is a claim within the doctrine of complete preemption and amenable to removal to Federal Court. *See Prince v. Sears Holding Corp*. 848 F.3d 173, 178 (4th Cir. 2017) (holding administration of an ERISA plan is a "core § 502(a) [§ 1132(a)] claim"); *Griggs v. E.I. DuPont de Nemours & Co*., 237 F.3d 371, 379 (4th Cir. 2001) (holding negligence claim connected to administration of ERISA retirement plan preempted by ERISA). The Complaint's claim is premised on the ten (10) self-funded plans administered by Cigna. The claims brought by Plaintiff against Cigna, despite being characterized as tort claims, are premised on and require reference to the ten (10) respective self-funded health plans administered by Cigna in order to determine whether Cigna properly reimbursed Plaintiff in accordance with the respective plans. The claims, therefore, are completely preempted by ERISA. *See Termini v. Life Ins. Co. of N. Am.*, 464 F. Supp. 2d 508, 516 (E.D. Va. 2006).

10. This Court, therefore, has original jurisdiction over the patient claims under the ten (10) employer-sponsored self-funded health plans administered by Cigna pursuant to 28 U.SC. § 1331, and those claims are removable to this Court as provided for under 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.") and/or, in the alternative, 28 U.S.C. § 1441(c)(1)(A) (permitting removal of an entire action if it includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of Section 1331 of this title)).

11. Although three (3) of the plans at issue appear not to be ERISA plans and not subject to the Court's original federal jurisdiction, the Court can exercise supplemental jurisdiction over these remaining claims. 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in in the action with such original jurisdiction that they form the same case or controversy . . . .") A state law claim forms part of the same case or controversy as a federal law claim when "they derive from a common nucleus of operative fact" such that plaintiff would ordinarily be expected to try them all in one judicial proceeding. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 615 (4th Cir. 2001); *see also White v. Cty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (explaining that supplemental claims "need only revolve around a central fact pattern"). Here, Plaintiff's non-ERISA plan claims arise in the same factual context as the ERISA claims and all relate to reimbursements to Dr. Zhang under the terms of the respective plans. Even as to the non-ERISA claims, Cigna again was acting as a third party administrator for self-funded plans. Still further, the exercise of supplemental jurisdiction is

consistent with the Complaint, which describes only one dispute and draws no distinction between the ERISA and non-ERISA plans. In other words, the Complaint effectively admits the claims are inextricable, intertwined, intimately connected with one another, and form one case or controversy. The Court, therefore, can properly exercise supplemental jurisdiction.

12. Although the Court can decline supplemental jurisdiction, none of the four factors that would support such a decision are present—the state law claim: (1) does raise novel or complex issues of state law; (2) does substantially predominate over the federal claims; (3) is not remaining after the original jurisdiction claims have been dismissed; and (4) presents no other compelling reason not to exercise supplemental jurisdiction. *See* 18 U.S.C. § 1367(b). In sum, the Court can and should exercise supplemental jurisdiction over the remaining state law claims. *See* 18 U.S.C. § 1367(a) & (b).

13. Removal of this case is timely pursuant to 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within thirty (30) days of September 29, 2022, the date when the Summons and complaint were served on Cigna's resident agent, CT Corporation.

14. Defendant has given written notice of the filing of this Notice of Removal to the parties, and have filed a copy of this Notice with the Clerk of the Circuit Court of Arlington County, Virginia as required by 28 U.S.C. § 1446(d).

15. Copies of all documents filed in the action are attached as *Exhibit 1* as required by 28 U.S.C. § 1446(a), which includes: (i) Service of Process Transmittal, Summons and Complaint (with attachments) filed on September 19, 2022; (ii) Defendant's Motion for Extension of Time to Answer or Otherwise Plead in Response to Complaint filed on October 12, 2022; (iii) Defendant's Motions Day Praecipe/Notice filed on October 12, 2022; (iv) Defendant's Proposed Order granting Motion for Extension of Time to Answer or Otherwise Plead in Response to Complaint filed on

October 12, 2022; (v) Defendant's Certification Pursuant to Virginia Supreme Court Rule 4:15(b) filed on October 12, 2022; and (vi) Consent Order Granting Defendant's Motion for Extension of Time filed on October 21, 2022. No other process, pleadings or orders have been filed or served on Cigna.

WHEREFORE, Defendant, Cigna Healthcare, Inc., notifies this Honorable Court that the Complaint brought by Plaintiff against Cigna Healthcare, Inc., is removed from the Circuit Court of Arlington County, Virginia, to the United States District Court for the Eastern District of Virginia pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and that no further proceedings be had against Cigna Healthcare, Inc., in the Circuit Court of Arlington County, Virginia.

*Cigna Healthcare, Inc.*

By Counsel:

  /s/ Bradley J. Swallow
Bradley J. Swallow, VSB No. 32170
Funk & Bolton, P.A.
100 Light Street, Suite 1400
Baltimore, Maryland 21202
(410) 659-7700 (telephone)
(410) 659-7773 (facsimile)
bswallow@fblaw.com

Dated: October 28, 2022                    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2022, a copy of the foregoing Notice of Removal (with attachments) was mailed, by first-class mail, postage prepaid, and by email to:

Jianyi Zhang
900 S. Washington Street, #112
Falls Church, VA 22046
Jianyi.zhang66@gmail.com

    /s/ Bradley J. Swallow
Bradley J. Swallow