IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JIANYI ZHANG,
          Plaintiff,

    v.

CIGNA HEALTHCARE, INC.,
          Defendant.

Case No.: 1:22-cv-1221 (MSN/IDD)

## <u>MEMORANDUM OPINION & ORDER</u>

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 3) and Plaintiff's Motion to Remand (Dkt. No. 6). Upon consideration of the motions and for the reasons set forth below, the Court **GRANTS** the Motion to Remand. Because the Court grants the Motion to Remand, it does not have jurisdiction to consider the Motion to Dismiss and **DENIES** the Motion to Dismiss **AS MOOT**.

## I.       BACKGROUND

On September 21, 2022, Plaintiff Jianyi Zhang filed a complaint in the Circuit Court of Arlington County against Cigna Healthcare, Inc. ("CIGNA"). (Dkt. No. 1-2) ("Compl."). Service of the Complaint was completed on September 29, 2022. (Dkt. No. 1) ¶ 1. Zhang is a medical doctor who treated patients with addiction problems. Compl. ¶¶ 5–6. Zhang was "a physician in the CIGNA network as a contract provider" and "ran a chemical analyzer . . . routinely to verify substances in urine from patients." *Id.* ¶ 6. In the Complaint, Zhang alleges that from December 2019 to May 2021, CIGNA "only paid Plaintiff around 1% of the fair-market rate" for these services. *Id.* ¶ 1. He further alleges that the rate for this service charged by other insurance companies ranged from "$69.09-$-71.01" but, beginning in December 2019, CIGNA "changed

1

[its] policy and only paid [Zhang] from $0.55 to $0.79" without his knowledge. *Id.* ¶ 8. Zhang alleges that he attempted to contact CIGNA several times to no avail and eventually withdrew his participation from CIGNA. *Id.* ¶¶ 9–10. Zhang filed a complaint with the Virginia State Corporation Commission, and CIGNA responded on April 4, 2022, stating that it sent a notice to Zhang in November 2019 stating that analyzer work must be done in a third-party lab. *Id.* ¶ 11.

Although the Complaint alleges one cause of action for negligence, Zhang also states in the Complaint that CIGNA violated two Virginia statutes: Va. Code § 38.2-510 (Unfair Claim Settlement Practices) and § 38.2-3407.15 (Ethics and fairness in carrier practices). Compl. ¶¶ 12–25.

On October 28, 2022, CIGNA removed the action to federal court on the basis of federal question jurisdiction, arguing that Zhang's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").[1] (Dkt. No. 1) ¶¶ 8–10. CIGNA filed a motion to dismiss on November 4, 2022. (Dkt. No. 3) ("Mot. to Dismiss"). Zhang did not file an opposition to the Motion to Dismiss. On November 4, 2022, Zhang filed a document entitled "Plaintiff's motion requests the Court decline move," which this Court interprets as a request to remand the case to the Circuit Court of Arlington County. (Dkt. No. 6) ("Mot. to Remand").[2] CIGNA filed a response in opposition to the Motion to Remand. (Dkt. No. 7) ("Opp.").

---

[1]    CIGNA identifies three plans at issue in the Complaint that are not ERISA plans. Opp. at 18. CIGNA argues that the Court should exercise supplemental jurisdiction over the claims as it relates to the three non-ERISA plans. Because the Court finds complete preemption lacking over the claims related to the ERISA plans, it does not address this argument.

[2]    Zhang subsequently filed two substantively identical motions to remand. (Dkt. Nos. 8, 12). CIGNA filed responses in opposition, stating that it adopted and incorporated its arguments in its Opposition to the first Motion to Remand to the extent the serial motions filed by Zhang were intended to be new motions, and arguing that the filings were untimely under the Local Rules to the extent those filings were intended to serve as reply briefs. (Dkt. Nos. 10, 13).

## II.    LEGAL STANDARD

Subject-matter jurisdiction "is a threshold issue," and courts must consider the issue of jurisdiction "before addressing the merits" of a claim. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Accordingly, when faced with both a motion to remand and a motion to dismiss, a court must first assess the motion to remand and only considers the motion to dismiss if it determines it has subject matter jurisdiction over the action. *Burrell v. Bayer Corp.*, 918 F.3d 372, 379–80 (4th Cir. 2019). A case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of demonstrating that removal is proper and that the federal court has jurisdiction over the action. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). When evaluating a motion to remand, courts can consider facts outside the pleadings and are not limited by the allegations made in a complaint. *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005).

## III.    ANALYSIS

CIGNA removed this action on the basis of federal question jurisdiction. (Dkt. No. 1) ¶ 10. A district court possesses original jurisdiction over, among other things, "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. CIGNA argues that original jurisdiction exists here because Zhang's state law claims are preempted by ERISA. Two types of preemption exist under ERISA: (1) complete preemption under § 502 of ERISA, 29 U.S.C. § 1132, and (2) conflict preemption under § 514 of ERISA, 29 U.S.C. § 1144(a). Conflict preemption is asserted as a federal defense to a cause of action and therefore generally "does not authorize removal to federal court." *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (quotation marks and citation omitted). "The jurisdictional doctrine of

complete preemption, by contrast, does provide a basis for federal jurisdiction[.]" *Sonoco v. Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003). For removal to be proper here, CIGNA must therefore demonstrate that Zhang's state law claims are completely preempted by ERISA's civil enforcement provision under § 502(a). *Id.* That provision provides, in relevant part:

> (a) Persons empowered to bring a civil action
>
>     A civil action may be brought—
>
>     (1) by a participant or beneficiary—
>
>         (A) for the relief provided for in subsection (c) of this section, or
>
>         (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a).

The Fourth Circuit has identified a three-prong test to determine whether a claim is completely preempted under ERISA: "(1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must 'fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (quoting *Sonoco*, 338 F.3d at 372).

The Court need not reach the second or third prongs, as it finds that Zhang possesses neither direct statutory nor derivative standing to assert claims under § 502. Zhang lacks statutory standing under § 502, which provides only that a "participant or beneficiary" may bring a civil action under the provision. 29 U.S.C. § 1132(a)(1). "Healthcare providers," such as Zhang, "are generally not participants or beneficiaries under ERISA and thus lack independent standing to sue under ERISA." *Kearney v. Blue Cross & Blue Shield of N. Carolina*, 376 F. Supp. 3d 618, 625 (M.D.N.C.

4

2019) (quoting *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1338 (11th Cir. 2015)). A healthcare provider may have derivative standing to sue under ERISA if the provider has a valid assignment of the participant's or beneficiary's right to payment of their medical benefits. *See Brown v. Sikora & Assocs.*, 311 F. App'x 568, 570 (4th Cir. 2008) (recognizing that "[a]lthough [the Fourth Circuit has] never addressed the question of derivative standing for ERISA benefits, our sister circuits have consistently recognized such standing when based on the valid assignment of ERISA health and welfare benefits by participants and beneficiaries") (citing cases); *Kearney*, 376 F. Supp. 3d at 625–26 & n.7 (citing cases). Here, there is nothing in the record to suggest that the participants or beneficiaries of the ERISA plans have made any such valid assignment of payment of medical benefits to Zhang. Accordingly, the Court finds that Zhang lacks standing under § 502(a) to pursue a claim, and complete preemption does not exist. Accordingly, this Court lacks subject matter jurisdiction over this action, has no jurisdiction to consider the Motion to Dismiss, and remands the action to the Circuit Court of Arlington County.[3]

## IV.   CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Motion to Remand (Dkt. No. 6) is **GRANTED**; it is further

**ORDERED** that the Motion to Dismiss (Dkt. No. 3) is **DENIED AS MOOT**; it is further

---

[3]      Although the Court need not address the final two prongs, *see Sonoco*, 338 F.3d at 374 (ending its analysis after concluding employer lacked standing under first prong of ERISA complete preemption test), the Court notes that several district courts within this Circuit have concluded that state law claims concerning a healthcare provider's *rate of payment*, such as the claims arguably made by Zhang here, as opposed to a *right to payment*, fall outside the scope of ERISA for the purposes of the second prong of the ERISA complete preemption test. *E.g.*, *HCA Health Servs. of Virginia, Inc. v. CoreSource, Inc.*, No. 3:19-CV-406, 2020 WL 4036197, at *3 n.2 (E.D. Va. July 17, 2020) ("In any event, § 502 cannot completely preempt the Hospital's claims because this case involves a dispute over a "rate of payment" and not a "right to payment."); *Vigdor v. UnitedHealthcare Ins. Co.*, No. 3:21-CV-517-MOC-DCK, 2022 WL 17097764, at *8 (W.D.N.C. Aug. 17, 2022), report and recommendation approved, 2022 WL 17095211 (W.D.N.C. Nov. 21, 2022); *Kearney v. Blue Cross & Blue Shield of N. Carolina*, 233 F. Supp. 3d 496, 504 (M.D.N.C. 2017).

**ORDERED** that Plaintiff's second and third motions seeking remand (Dkt. Nos. 8, 12) are **DENIED AS MOOT** as they seek the same relief as the original Motion to Remand; and it is further

**ORDERED** that this action is **REMANDED** to the Circuit Court of Arlington County for further proceedings.

It is **SO ORDERED**.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record and Plaintiff *pro se*.

/s/
_____
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
May 30, 2023